UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHER & BROWN
14 Wall Street, 20th Floor
New York, NY 10005
(212) 618-1250
    Donald E. Maher (DM 6442)
    John Lewis Brown (JB 4471)

ATTORNEYS FOR DEFENDANT PAUL J. COOPER CENTER FOR HUMAN SERVICES INC.
-------------------------------------------------------x

LOCAL 215, DISTRICT COUNCIL 1707,
AMERICAN FEDERATION OF STATE,
COUNTY, & MUNICIPAL EMPOYEES,

                Plaintiff,          Civil Action No. 07 Civ. 10487
                                       (RJS/RLE)

        -against-                **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

PAUL J. COOPER CENTER FOR HUMAN
SERVICES INC.

                Defendant

------------------------------------------------------- x

        Defendant, Paul J. Cooper Center for Human Services Inc., by and through their attorneys, Maher & Brown, hereby submits the following Answer and Affirmative Defenses to Plaintiff's Complaint:

    1.    Defendant admits the allegations of Paragraph "1" of Plaintiff's Complaint.

    2.    Defendant admits the allegations of Paragraph "2" of Plaintiff's Complaint.

    3.    Defendant admits the allegations of Paragraph "3" of Plaintiff's Complaint.

    4.    Defendant admits the allegations of Paragraph "4" of Plaintiff's Complaint.

5. Defendant admits the allegations of Paragraph "5" of Plaintiff's Complaint.

6. Defendant admits the allegations of Paragraph "6" of Plaintiff's Complaint.

7. Defendant denies the allegations of Paragraph "7" of Plaintiff's Complaint, but admits that the labor contract, in Article XXI, provides for arbitration of disputes or complaints between the parties, including disputes concerning the terminations of employees for cause.

8. Defendant denies the allegations of Paragraph "8" of Plaintiff's Complaint, but admits that on or about February 23, 2006, a dispute arose between the Union and the Employer concerning the Employer's decision to terminate a bargaining unit employee.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "9" of Plaintiff's Complaint.

10. Defendant admits the allegations of Paragraph "10" of Plaintiff's Complaint.

11. Defendant admits the allegations of Paragraph "11" of Plaintiff's Complaint.

12. Defendant admits the allegations of Paragraph "12" of Plaintiff's Complaint.

13. Defendant admits the allegations of Paragraph "13" of Plaintiff's Complaint, but denies that the arbitrator ordered that the grievant be made whole for all lost wages, in that the arbitrator specifically directed that the back pay award be offset by the grievant's earnings from Brookdale Hospital, Presbyterian Hospital, and any other health care Employer since March 1, 2006 .

14. Defendant denies the allegations of Paragraph "14" of Plaintiff's Complaint.

15. Defendant denies the allegations of Paragraph "15" of Plaintiff's Complaint.

## RELIEF

Defendant avers that Plaintiff is not entitled to any of the demands requested in the WHEREFORE paragraph of Plaintiff's Complaint demanding various judgments.

## FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, and should be dismissed for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, as it is premature and not ripe for judicial intervention, in that by the express stipulation of the parties at the close of the arbitration hearing, the arbitrator retained jurisdiction in order to resolve any dispute regarding the implementation and effectuation of his decision and award.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of arbitration and award.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or part by Section 3 of the Federal Arbitration Act, which provides that the court must stay any suit or proceeding until arbitration has been completed, if the action concerns any issue referable to arbitration under a written agreement.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted in Plaintiff's Complaint are barred, in whole or in part, to the extent that Plaintiff has agreed to arbitrate those claims.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because grievant is under a duty to mitigate any purported damages she may have suffered, and any relief awarded should be set off, in whole or in part.

**WHEREFORE**, having answered Complaint, Defendant respectfully requests:

(a) judgment be entered in Defendant's favor and this action be dismissed with prejudice;

(b) deny each and every demand, claim and prayer for judgment contained in Plaintiff's Complaint;

(c) judgment be entered in its favor for all costs of this action and award to Defendant reasonable attorneys' fees it incurred in the defense of this action.

(d) this Court grant Defendant such other and further relief as the Court deems just and proper.

4

5

Dated: New York, New York
      January 31, 2008                                    **MAHER & BROWN**

                                                    s/s Donald E. Maher
                                  By:_____
                                        Donald E. Maher (DM 6442)
                                        John Lewis Brown (JB 4471)
                                        Attorneys for Defendant Paul J. Cooper Center for Human Services Inc.
                                        14 Wall Street, 20th Floor
                                        New York, New York 10005
                                        (212) 618-1250