**MAHER & BROWN**
ATTORNEYS AT LAW
14 Wall Street, 20th Floor
NEW YORK, NEW YORK 10005

T 212 618-1250
F 212 618-1251
Donald.Maher@comcast.net

**Donald E. Maher, Esq.**

**VIA EMAIL**

February 25, 2008

Richard J. Sullivan, D. J.
United State District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    Local 215, DC 1707, AFSCME v.
                  Paul J. Cooper Center for Human Services
                  Inc.

                  Case No. 07 CV 10487 (RJS) (RLE)

Dear Judge Sullivan:

      As counsel for Defendant, Paul J. Cooper Center for Human Services Inc., I am responding to your February 21, 2008 order.

      Please know that along with service of the complaint in this matter, Plaintiff's counsel provided me with your "Individual Practices of Richard J. Sullivan, Current as of September 7, 2007." In those practices you advised that as to conferences, the Court would generally schedule a conference within three months and that the notice of the conference would be sent to Plaintiff's counsel, who would be responsible for distributing copies to all parties. Consistent with those stated practices, I had been waiting for a communication from Plaintiff's counsel distributing your notice of conference.

      Please know that on Saturday, February 16, 2008, I traveled out of the country for the week and returned on the evening of February 23, 2008. Upon my return was the first time in a week that I was able to access voice mail and email.

      To my complete surprise, I discovered in an email dated February 21, 2008 from Eileen Levine of your office. While her email contained no subject and no email message, it did attach a three page document one of which was your order of January 29, 2008. This was the first time I saw this order. While it indicates that it was electronically filed on January 29, 2008, please know that I never received an email alert thru ECF regarding this order.

      Upon reading your January 29, 2008 order, I was also surprised to see you had a set a deadline on February 13, 2008, for the parties to submit a joint status letter. While plaintiff's counsel was apparently aware of this deadline, please know that prior to the February 13, 2008 date, plaintiff's counsel was never in communication with me regarding the submission of a joint status letter to the court.

      Please also know that when I was first able to access my voice mail messages on the evening of February 23, 2008, I realized that Plaintiff's counsel left a voice mail message for me on February 19, 2008 regarding the submission of a joint status letter. Why plaintiff's counsel would wait until six days <u>after</u> the February 13, 2008 deadline to first contact me regarding this submission is a question best answered by him.

1.    A number of observations are in order regarding Plaintiff's counsel comments in his status letter on the nature of this action and what he "anticipates" as to Defendant's principal defenses:

- In the complaint, Plaintiff's counsel misrepresents what the Arbitrator ordered. The Arbitrator did <u>not</u> order that the grievant be made whole for all lost wages. Rather the Arbitrator specifically directed that the back pay award be "offset" by the grievants's earnings from Brookdale Hospital, Presbyterian Hospital, and any other health care employer since March 1, 2006.

Note that the grievant's hourly rates at both Brookdale Hospital and Presbyterian hospital exceeded her hourly rate at Paul J. Cooper. Hence one issue in this lawsuit is the amount of the offset in that grievant earned higher hourly rates elsewhere during the back pay period.

- While Plaintiff's counsel acknowledges that the Arbitrator retained jurisdiction to resolve disputes regarding the implementation of the award, plaintiff's counsel fails to disclose that this was by the <u>express</u> stipulation of the parties at the close of the arbitration hearing.

The actual principal defenses to this action are:

- That the Complaint is barred, in whole or in part, as it is premature and not ripe for judicial intervention, in that by the express stipulation of the parties at the close of the arbitration hearing, the Arbitrator retained jurisdiction in order to resolve any dispute regarding the implementation and effectuation of his decision and award.

- The Complaint is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

- The Complaint is barred, in whole or in part, by the doctrine of arbitration and award.

- The Complaint is barred, in whole or part by Section 3 of the Federal Arbitration Act, which provides that the court must stay any suit or proceeding until arbitration has been completed, if the action concerns any issue referable to arbitration under a written agreement.

- The claims asserted in Plaintiff's Complaint are barred, in whole or in part, to the extent that Plaintiff has agreed to arbitrate those claims.

- The Complaint is barred, in whole or in part, because grievant is under a duty to mitigate any purported damages she may have suffered, and any relief awarded should be set off, in whole or in part.

2.     There are currently no outstanding motions. It is Defendant's view that any summary notion to confirm the award would not be appropriate given the issue of the amount of the offset in that grievant earned higher hourly rates elsewhere during the back pay period.  It is also Defendant's view that any summary motion would also not be appropriate given the issues relating to the actual principal defenses.

3.     There is a conference scheduled for March 6, 2008. An adjournment of that conference may be needed, as I have been called for jury duty on March 5, 2008.

4.     No Discovery has been conducted. Discovery remains on the issue of the amount of the offset given that grievant earned higher hourly rates elsewhere during the back pay period. Discovery also remains on the issues relating to the actual principal defenses.

5.     There have been no settlement discussions since the filing of this action.

6.     The estimated length of trial is one to two days.

7.     Plaintiff's counsel's comments on the assumptions that should be made as Defendant did not move to vacate the award are of no moment. To some extent any motion to vacate the award would be premature as the award is not yet complete and final. Additionally, Defendant does not argue that the award is invalid or tainted.

To the contrary, it is Defendant's view that the award at this juncture is both valid and untainted but that award includes the direction that the back pay award be offset by the grievant's earnings from Brookdale Hospital and Presbyterian Hospital and any other health care Employer since March 6, 2006.  That award also acknowledges that by express stipulation of the parties at the close of the arbitration hearing, the Arbitrator

retains jurisdiction in order to resolve any dispute regarding the implementation and effectuation of his decision and award.

The information of what the Arbitrator directed regarding the offset from the back pay and the parties express stipulation that the Arbitrator retained jurisdiction, should assist this Court to resolve this matter by encouraging Plaintiff to withdraw its complaint and take the offset dispute back to the Arbitrator.

  Please know that should you wish to reach me by telephone, I am best reachable on my cell phone at 610-763-0594.

                Respectfully submitted,

                Donald E. Maher

Cc: Thomas M. Murray, Esq.